IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT "BOBBY" MARTIN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WIRELESS AT&T,<br>PRE-SONUS CORPORATION,<br>SENNHEISER ELECTRONICS,<br>NADY SYSTEMS INC.,<br>PEAVY ELECTRONICS<br>CORPORATION,<br>SURE HEADQUARTERS,<br>LINE 6 INC. / YAMAHA GUITAR<br>GROUP, BOSS WIRELESS, and<br>BOSS WIRELESS LLC,<br><br>　　　　　　Defendants. | C.A. No.: 24-cv-1434-NJR<br><br>**Honorable Nancy J. Rosenstengel** |

**DEFENDANT SHURE'S MOTION TO DISMISS**
**FOR INSUFFICIENT SERVICE OF PROCESS AND FAILURE TO STATE A CLAIM**

Defendant Shure Incorporated ("Shure") respectfully moves this Court for an Order dismissing Shure from this case with prejudice for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5), and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

As an initial matter, this Court should dismiss Shure from this case under Fed. R. Civ. P. 12(b)(5) because service of process against Shure was improper under Fed. R. Civ. P. 4. **First**, Plaintiff did not effectuate "delivery [of] a copy of the summons" to Shure as required by Rule 4(h)(1)(B) because Plaintiff mailed the Complaint and summons via United Parcel Service ("UPS") to Shure. **Second**, Plaintiff *himself* sent the summons in direct violation of Rule 4(c)(2)'s requirement that "[a]ny person… ***not a party*** may serve a summons and complaint." (emphasis added). **Third**, Plaintiff did not "deliver[] a copy of the summons and complaint to an officer, a managing or general agent" of Shure as required by Rule 4(h)(1)(B), but instead sent the Complaint and summons to a generic Shure address. Each of these failures provides an independent ground for dismissal. Taken together, they highlight an evasion of the Federal Rules and this Court's procedures.

Even if the Court decides service was proper in this case, the Court should dismiss Shure from this case under Rule 12(b)(6) because Plaintiff has not pled the requisite elements to support a claim for patent or copyright infringement upon which relief can be granted. Plaintiff has not only failed to allege infringement of an issued U.S. patent, but also failed to identify a product or process that is the subject of its copyright or patent infringement claims. Because the Complaint provides no notice of the alleged infringement, Shure is unable to ascertain which claims (if any) against which products (if any) that Plaintiff is asserting in this lawsuit.

## ARGUMENT

### A.   Defendant Failed to Properly Serve Shure Pursuant to Fed. R. Civ. P. 4

There are three independent reasons as to why service was not proper under the Federal Rules, each of which supports a dismissal of his lawsuit. First, Rule 4(h)(1)(B) provides that a corporation must be served "by ***delivering*** a copy of the summons and of the complaint…." (emphasis added). Here, Plaintiff admits to mailing a copy of the summons and Complaint via UPS to Shure's corporate headquarters. (*See* Dkt. 12). "Mailing, [however], does not constitute delivery." *Gharb v. Rockwell Automation*, No. 11-CV-405, 2011 WL 5373989, at *2 (N.D. Ill., Nov. 4, 2011).

In *Miles v. WTMX Radio Network*, the plaintiff attempted service on two corporations by placing each summons and complaint in the mail and addressing them to the corporations generally. No. 02 CV 427, 2002 WL 1359398, *1, *3 (N.D. Ill., June 20, 2002). The court held that mailing does not constitute "delivery" as required by Rule 4.

To the extent Plaintiff argues that a signature was required and obtained when UPS delivered the summons and Complaint, Plaintiff did not send the Complaint "to an individual authorized to accept service by [Shure] or obtain the proper recipient's signature, as required by law." *Buggs v. United States Steel Corp.*, No. 2:23-CV-319, 2024 WL 2831221, at *2 (N.D. Ind., June 3, 2024). Thus, ***delivery*** under Rule 4 was improper such that this case should be dismissed for insufficient service of process. *Id.* at *3.

Second, Rule 4(c)(2) provides that "[a]ny person who is at least 18 years old ***and not a party*** may serve a summons and complaint." (emphasis added). In the present case, Plaintiff himself purported to serve the Complaint and summons, which violates Rule 4(c)(2)'s express mandate that a non-party must effectuate service. *See* Ex. A to Constantinou Declaration (shipping

label showing Plaintiff's information as sender).

In *Gharb*, the *pro se* plaintiff "personally sent the mailed copies to the corporate defendants," which the court determined was "in violation of Rule 4(c)(2)." 2011 WL 5373989, at *2 (N.D. Ill., Nov. 4, 2011). Because the same facts are present in this case—a *pro se* plaintiff personally mailing the summons and Complaint to Shure—this Court should reach the same outcome as *Gharb*.

Third, Rule 4(h)(1)(B) provides that a corporation must be served by "delivering a copy of the summons and of the complaint to an ***officer, a managing or general agent***" of the defendant. (emphasis added). As described above and evidenced in the accompanying declaration, Plaintiff mailed a copy of the Complaint and summons to Shure headquarters, with no other identifying information as to the recipient. *See* Ex. A to Constantinou Declaration (showing the mailing label addressed to a generic Shure address). The package mailed to Shure was not accepted by an appointed agent for Shure, and therefore, service was improper pursuant to Rule 4(e). *Gharb*, 2011 WL 5373989 at *2 (dismissing complaint where plaintiff "failed to direct service to an officer, director or managing agent" of the defendant).

Courts have consistently held that the requirements under Rule 4 apply equally to a *pro se* plaintiff. *See, e.g.*, *United States v. Mollenhauer Labs., Inc.*, 267 F.2d 260, 262 (7th Cir. 1959) (noting that the liberal construction rule "cannot be utilized as a substitute for the plain legal requirements as to the manner in which service of process may be had"); *Gharb*, 2011 WL 5373989 at *2 (noting that "Gharb's pro se status does not excuse failure to properly serve process under Rule 4"); *Smith v. Vericrest Financial et al.*, No. 09 C 6056, 2010 WL 537880, at *2-*3 (N.D. Ill., Dec. 14, 2010) (dismissing complaint where *pro se* plaintiff attempted to serve defendants personally). The Court should dismiss the Complaint for at least these reasons.

4

### B. Plaintiff's Complaint Fails to State a Claim for Infringement

Plaintiff's Complaint alleging that Shure is liable for patent and copyright infringement should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

#### i. Plaintiff's Complaint Fails to Adequately Plead Patent Infringement

The Complaint does not allege infringement of an issued U.S. Patent. Instead, the Complaint only includes what appears to be an abandoned patent application, U.S. Application No. 15/960,651, which cannot support a claim for patent infringement.[1] (Dkt. 3-1 at 1.) Patent infringement requires "mak[ing], us[ing], offer[ing] to sell, or sell[ing] any **patented invention**, within the United States." 35 U.S.C. § 271(a) (emphasis added). Indeed, to plead a claim for patent infringement, a plaintiff must first plead an issued United States patent.[2] *Pratt v. Paris Gas Light & Coke Co.*, 168 U.S. 255, 259 (1897) ("To constitute such a cause [of action] the plaintiff must set up some right, title or interest under the patent laws…".)  Plaintiff has not, nor can it, plead an issued patent. To the extent that Plaintiff has a U.S. patent, it did not issue from the application plead in the Complaint. For this reason alone, Plaintiff's patent infringement claim must be dismissed.

Separately, the Complaint fails to identify any product or process it claims Shure makes, uses, sells, or offers to sell in the United States, that is allegedly infringing Plaintiff's patent rights. Rule 8(a) of the Federal Rules of Civil Procedure provides that "a pleading that states a claim for

---

[1] Because patent applications that are abandoned before they are published cannot be found in the USPTO database, Shure is unable to even investigate the contents of this purported application. Shure can only presume the application was abandoned since it was unable to locate the application in the USPTO database.

[2] Further, it is black letter law that "one cannot infringe a patent application." *Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-cv-2024-RMW, 2016 WL 4427490, at *5 (N.D. Cal., Aug. 22, 2016).

relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." As described by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a Plaintiff must allege sufficient, plausible actual allegations to comply with Rule 8. As the Supreme Court explained in *Twombly*, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." 550 U.S. at 555.

Here, the Complaint does not meet the requirements of Rule 8 as to Shure because it does not allege sufficient, plausible factual allegations to make out a claim of patent infringement. The fact that Plaintiff fails to describe any allegedly infringing products, methods, or services made, used, sold, or offered for sale by Shure in the United States is fatal to its Complaint. *See, e.g.*, *Adaptor, Inc., v. Sealing Systems, Inc.*, Case No. 09-CV-1070, 2010 WL 5463256, at *4-*5 (E.D. Wis., Dec. 29, 2010) ("The Federal Circuit has explained that one of the allegations required to sufficiently plead direct infringement is the means by which infringement occurred, most likely naming the allegedly infringing product or method.") (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).  Therefore, Plaintiff's claim of patent infringement must be dismissed.

        ii.        **Plaintiff's Complaint Fails to Adequately Plead Copyright Infringement**

Plaintiff's copyright claim can also be appropriately disposed of under Rule 12(b)(6). "To state a claim for copyright infringement, a plaintiff must allege (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *MFB Fertility, Inc. v. Action Care Mobile Veterinary Clinic, LLC*, No. 23 CV 3854, 2024 WL 1719347, at *3 (N.D. Ill., Apr. 22, 2024) (citing *Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).  The second element requires the plaintiff to allege facts that reasonably show that (1) the defendant had

"access" — that is, a reasonable opportunity to copy the work, and that (2) the works at issue are substantially similar in their protectable expression. *Peters v. West*, 692 F.3d 629, 633 (7th Cir. 2012).

Here, Plaintiff has made neither allegation in its Complaint. With respect to "access," Plaintiff has not made any allegations (circumstantial or direct) that Shure had access to the purported copyrighted work. And with respect to "works at issue [being] substantially similar," Plaintiff has made no allegation that Shure's "work" would be substantially similar to Plaintiff's copyright. Stated differently, Plaintiff's complaint does not identify a "work" by Shure that is allegedly protected by Plaintiff's copyright warranting dismissal of this claim.

Therefore, even if Plaintiff had properly served Shure—or could correct his service of the Complaint and summons on Shure—this Court should nonetheless dismiss this Complaint as to Shure pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff does not state a claim against Shure upon which relief can be granted under either patent or copyright infringement.

## **CONCLUSION**

For the foregoing reasons, Defendant Shure respectfully requests that this Court dismiss Shure from this case for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

DATED:  July 8, 2024                              Respectfully submitted,

*/s/ Julie M. Loftus*
Julie M. Loftus (IL Bar 6332174)
Louis Constantinou (Admission pending)
**BENESCH FRIEDLANDER**
 **COPLAN & ARONOFF LLP**
71 South Wacker Dr., Suite 1600
Chicago, IL 60611
Tel: (312) 212-4949
Fax: (312) 767-9192
jloftus@beneschlaw.com
lconstantinou@beneschlaw.com

*Counsel for Defendant Shure Incorporated*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of July, 2024, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, and service has been effectuated to all counsel of record via email.

                                                */s/ Julie M. Loftus*
                                                Julie M. Loftus