IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MARTIN,<br><br>     Plaintiff,<br><br>v.<br><br>USA WIRELESS AT&T, PRE-SONUS CORPORATION, SENNHEISER ELECTRONICS HEAD QUARTERS, NADY SYSTEMS INC., FRED POOL/PEAVEY ELECTRONICS CORPORATION, SURE HEADQUARTERS, LINE 6 POD INC., BOSS WIRELESS, AND BOSS WIRELESS LLC,<br><br>     Defendants. | Case No. 3:24-cv-1434-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

In 2000, Plaintiff Robert (Bobby) Martin, a Vietnam veteran and resident of Marion, Illinois, allegedly invented a "Wireless Pedal Board." (Doc. 5-1 at p. 2). In his application to the U.S. Patent and Trademark Office, Martin described the Wireless Pedal Board as a "wireless communication system used to connect a musical instrument to a pedal board, transmitting a signal to a main base by way of radio frequency through a receiver and transmitter." (Doc. 5-1 at p. 2).

Martin, proceeding *pro se*, is now suing a number of defendants—corporations primarily engaged in the technology, electronic, and audio production industries—for patent and copyright infringement related to his Wireless Pedal Board. (Doc. 3). Martin

seeks $35 million in damages from each defendant. (*Id.*). Defendants PreSonus Corporation, Sennheiser Electronics, Sure Headquarters, Fred Pool/Peavey Electronics Corporation, and Line 6 Pod have filed motions to dismiss. (Docs. 16, 20, 22, 32, 43). Martin has filed motions for entry of default and for default judgment as to the defendants who did not timely answer his Complaint—Nady Systems, Inc., Fred Poole/Peavey Electronics Corporation, Boss Wireless, and USA Wireless AT&T. (Docs. 41, 45, 46, 47).

Defendants' motions to dismiss are granted. Because Martin was never awarded a patent for the Wireless Pedal Board, he lacks standing to bring his patent claim in federal court. Martin has further failed to state a claim for copyright infringement under Federal Rule of Civil Procedure 12(b)(6). Finally, because Martin did not serve the Defendants in compliance with the Federal Rules and applicable state laws, his motions for entry of default and for default judgment are denied.

## BACKGROUND

Martin filed this patent and copyright infringement action on June 3, 2024.[1] (Doc. 3). Martin asserts that he invented a Wireless Pedal Board, which allows users to connect a musical instrument to a pedal board to transmit audio without the use of wires. (*Id.* at p. 1). On February 20, 2004, Martin registered the "texts and drawings" associated with the Wireless Pedal Board with the U.S. Copyright Office. (Doc. 5 at p. 1).

---

[1] Both Martin and Defendants have provided a number of exhibits that relate to the Complaint. At the motion to dismiss stage, a court may consider "the complaint itself, documents that are attached to the complaint, [and] documents that are central to the complaint and referred to in it . . . ." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Because the additional documents are central to the Complaint and provide context to an otherwise bare bones pleading, the Court will consider their contents.

Approximately 14 years later, on April 24, 2018, Martin filed an application to patent his invention with the U.S. Patent and Trademark Office ("USPTO"). (Doc. 5-2 p. 1). On May 16, 2018, the USPTO sent Martin a filing receipt and explained that his patent application, Number 15/960,651, would be taken up for examination in due course. (*Id.*). Martin also was granted a Foreign Filing License under 35 U.S.C. § 184, which allowed him to apply for patent protection outside of the United States without having to wait the six-month period described in 35 U.S.C. § 184(a). (*Id.*). Along with his patent application, Martin filed a petition to advance his patent examination under 37 C.F.R. § 1.102(c)(1) due to his age. (*Id.* at p. 4). Because his petition included a statement that Martin was 65 or over, his petition for special status was granted. (*Id.*).

On September 18, 2018, Martin participated in an interview with an examiner from the USPTO. (Doc. 20-1 p. 4). During this interview, the examiner explained that Martin's claim was "too broad" and that his specification was "not detailed enough to distinguish the present invention over the prior art." (*Id.*). The examiner described ways that Martin could remedy those problems. (*Id.*). The examiner also informed Martin that he had three months from the mailing of the "non-final office action" to file a response. (*Id.*).

On March 19, 2019, a Notice of Abandonment was issued, indicating that Martin had failed to file a timely response to the USPTO's letter mailed on October 11, 2018. (*Id.* at p. 7). The Notice of Abandonment stated that the examiner called Martin, but no return call was made. (*Id.*).

On July 9, 2024, *after* Martin filed this action and four Defendants filed motions to dismiss, Martin filed a Petition for Revival of Application for Patent Abandoned

Unintentionally under 37 C.F.R. 1.137(a). (Doc. 39 at pp. 1, 3-4). Martin stated that he was unable to respond in a timely manner to the USPTO's letter due to having COVID-19 twice, several deaths within his family, and his status as a disabled Vietnam veteran. (*Id.* at p. 1).

## ANALYSIS

### I.     Martin Lacks Standing to Bring His Patent Infringement Claim

"Article III of the Constitution limits the jurisdiction of the federal courts to 'Cases' and 'Controversies.'" *Pierre v. Midland Credit Management, Inc.*, 29 F.4th 934, 937 (7th Cir. 2022); U.S. CONST. art. III, § 2. Standing to sue is an essential component of this case-or-controversy limitation. *Id.* To show Article III standing, "a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Choice v. Kohn Law Firm, S.C.*, 77 F.4th 636, 638 (7th Cir. 2023); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). At the pleading stage, a plaintiff must clearly allege facts demonstrating each element affording them standing to sue. *Spokeo Inc. v. Robbins,* 578 U.S. 330, 338 (2016). Simply put, without an injury caused by the defendant that the court can remedy, there is no case or controversy for a federal court to resolve. *Pierre*, 29 F.4th at 937.

"Much like standing, ripeness gives effect to Article III's Case or Controversy requirement by 'prevent[ing] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Sweeney v. Raoul*, 990 F.3d 555, 559-60 (7th Cir. 2021) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). Ripeness

is a question of timing; a court must consider "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 560.

Here, it is clear that there is no justiciable case or controversy with regard to Martin's claim of patent infringement. Although Martin applied for a patent and had an interview with a patent examiner, a patent was never issued for his Wireless Pedal Board. Martin admitted as much when he filed his petition to revive his patent application after Defendants pointed out the lack of a validly issued patent. Even if Martin's application were to be revived, "[j]usticiability must be judged as of the time of filing, not as of some indeterminate future date when the court might reach the merits and the patent has issued." *GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 482 (Fed. Cir. 1996); *see also Ogden v. Dyco, Inc.*, No. 09-CV-124-WDS, 2010 WL 11685277, at *2 (S.D. Ill. Mar. 22, 2010) (dismissing case because "no case or controversy for patent infringement arises under the patent laws before a patent issues").

Because Martin does not have a patent for the subject Wireless Pedal Board, there is no justiciable case or controversy as to his claim of patent infringement. Accordingly, this Court lacks subject matter jurisdiction over his patent claims.

## II.     Martin Has Not Stated a Claim for Copyright Infringement

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must consider whether the complaint states a claim for relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires more than labels and conclusions; the allegations must allow the court to reasonably infer that a defendant is liable on the assumption that all the allegations in the complaint are true, "even if

doubtful in fact." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Twombly,* 550 U.S. at 555 (internal citations omitted). While the court accepts as true all well-pleaded facts and draws reasonable inferences in the plaintiff's favor, it does not accept legal conclusions. *Burke v. 401 N. Wabash Venture, LLC,* 714 F.3d 501, 504 (7th Cir. 2013).

To state a claim for copyright infringement, a plaintiff must show: (1) "ownership of a valid copyright" and (2) "unauthorized copying" of the copyrighted work's "original" elements. *Weller v. Flynn*, 312 F. Supp. 3d 706, 718 (N.D. Ill. 2018) (quoting *Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012)). To satisfy the second element, a plaintiff must show the defendants "actually copied" his work. *Id.* (citing *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1099 (7th Cir. 2017)). "Because direct evidence of copying is rarely available, a plaintiff may prove copying by showing that the defendant had the opportunity to copy the original (often called 'access') and that the two works are 'substantially similar.'" *Id.* (citation omitted). An inference of access may also arise from "proof of similarity which is so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded." *Id.* (quoting *Design Basics*, 858 F.3d at 1100).

Here, even assuming that Martin has properly pleaded ownership of a valid copyright, he has failed to allege that any Defendant copied his work. Martin merely uses the word "copyright infringement" in his Complaint and refers the Court to his "Addendum" and "Evidence." (Doc. 3). But neither of these documents contains factual allegations that plausibly suggest Defendants infringed on a copyright. They actually contain no factual allegations at all. Because Martin has not alleged facts demonstrating

that Defendants copied his copyrighted work without authorization, his claim is dismissed.

### III. Improper Service of Process

Finally, Martin's motions for default judgment must be denied because he did not properly serve Defendants.

Rule 4 requires a plaintiff to ensure that each defendant receives a summons and copy of the complaint against it. FED. R. CIV. P. 4(b), (c)(1). Service of the summons and complaint can be effectuated by "[a]ny person who is at least 18 years old and not a party." FED. R. CIV. P. 4(c)(2). A corporation can be served by either "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," FED. R. CIV. P. 4(h)(1)(A), or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

Martin seeks an entry of default as to Defendants Nady Systems, Inc., Fred Poole/Peavey Electronics Corporation, Boss Wireless, and USA Wireless AT&T because he served these entities "by mail, restricted delivery, return receipt requested on June 9, 2024," and they never answered his Complaint. (Docs. 41, 45, 46, 47). First, Martin's attempt at service violates Rule 4(c)(2) because he is a party to this action. Thus, under the Federal Rules, Defendants were not properly served.

Second, Martin shipped a copy of the complaint and summons to all Defendants via UPS. (Docs. 12, 14). That method of service on a corporation is insufficient in Illinois,

where this District Court is located. Under Illinois law, a corporation may be served by "leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State." 735 ILCS 5/2–204. "Certified mail is . . . not listed as an appropriate method of serving corporations in the text of the Federal Rules or the relevant [Illinois] statutes." *Goode v. PennyMac Loan Servs., LLC*, No. 14 C 01900, 2014 WL 6461689, at *9 (N.D. Ill. Nov. 18, 2014).

Martin purported to serve the CEO of Defendant Nady Systems, Inc., in Illinois and a Product Manager in California. (Doc. 14 at pp. 6, 19, 37). As noted above, service on a corporation via mail is insufficient in Illinois. In California, service on a corporation is permitted by mail when it is addressed to "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." CAL. CIV. P. CODE §§ 415.30, 416.10. The defendant also must complete the acknowledgement of receipt and return it to the plaintiff. *Id.*; *Prout v. Costco*, No. 24-CV-703 JLS (DEB), 2024 WL 2060143 (S.D. Cal. May 8, 2024) ("A plaintiff can serve a corporate defendant by mail under § 415.30—without first resorting to other methods—if he sends the correct documents to an appropriate corporate representative as identified in § 416.10. That said, service pursuant to § 415.30 is valid only if the defendant completes the acknowledgement of receipt and returns it to the plaintiff."). Here, there is no evidence that Martin served the appropriate individual in California or that any representative of Nady Systems, Inc., completed the acknowledgement of receipt and returned it to Martin.

With regard to Fred Poole/Peavey Electronics Corporation, the Court notes that a summons was only issued for Fred Poole, an employee of Peavey, not the corporation itself. (Doc. 9). Thus, service of the summons upon Peavey cannot be valid. Moreover, Martin sent the documents via UPS to a generic address for Peavey in Mississippi. Under Mississippi law, a corporation may be served by first-class mail with a copy of the summons and complaint, along with two copies of a notice and acknowledgment. MISS. R. CIV. P. 4(c)(3)(A). The defendant must then return the acknowledgment. If the person or entity being served by mail does not return the acknowledgment to the plaintiff within 20 days "after the date of mailing, service of such summons and complaint may be made in any other manner permitted by" MISS. R. CIV. P. 4(c)(3)(B). Again, there is no evidence that Peavey returned an acknowledgement to Martin.

As to Boss Wireless, Martin purported to serve it via UPS at an address in Virginia. (Doc. 14 at p. 28). In Virginia, only a "person 18 years of age or older and who is not a party or otherwise interested in the subject matter in controversy" is authorized to serve process. VA. CODE. § 8.01-293. Martin is a party to this proceeding, so he was not authorized to serve Boss in Virginia. Thus, service was defective.

Finally, as to USA Wireless AT&T, Martin purportedly served that corporation in Florida.[2] In Florida, however, "[a]ll process shall be served by the sheriff of the county where the person to be served is found" or by a designated special process server. FLA.

---

[2] Martin also purportedly attempted to serve "AT&T Corporate Head Quarters" in Texas, but the named defendant for whom summons was issued is "USA Wireless AT&T." (Doc. 9). The Court received a notice from counsel for AT&T Mobility LLC that one of its wireless dealers received mailed copies of Martin's pleadings in this case. (Doc. 25). The Director of Sales Operations attested that AT&T has no corporate interest in USA Wireless, nor is AT&T authorized to accept service on USA Wireless's behalf. (Doc. 25-1).

STAT. § 48.021. Martin did not comply with Florida's service statute; therefore his attempt to serve USA Wireless AT&T failed.

Because Martin did not properly serve Defendants Nady Systems, Inc., Fred Poole/Peavey Electronics Corporation, Boss Wireless, and USA Wireless AT&T, Defendants are not in default, and Martin's Motion for Entry of Default (Doc. 41) and Motions for Default Judgment (Docs. 45, 46, 47) must be denied.

## CONCLUSION

For these reasons, the Motions to Dismiss filed by Defendants PreSonus Corporation, Sennheiser Electronics, Sure Headquarters, Fred Pool/Peavey Electronics Corporation, and Line 6 Pod (Docs. 16, 20, 22, 32, 43) are **GRANTED**. This Court lacks subject matter jurisdiction over Plaintiff Robert Martin's patent claim, and Martin has failed to state a claim under Rule 12(b)(6) for copyright infringement.

Martin's Motion for Entry of Default (Doc. 41) and Motions for Default Judgment (Docs. 45, 46, 47) are **DENIED**.

The Clerk of Court is **DIRECTED** to enter judgment of dismissal without prejudice and close this case.

**IT IS SO ORDERED.**

DATED: February 7, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**